UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.

                                    Cr. No. 10-CR-571 (GLS)

VON SCOTT LINDAHL
                                  (Hon. Gary L. Sharpe)
             Defendant.
_____


## GOVERNMENT'S RESPONSE TO DEFENDANT LINDAHL'S MOTION TO DISMISS

    The United States of America, by its attorneys, submits herewith its response to defendant **VON SCOTT LINDAHL'S** motion to dismiss the indictment filed in connection with the above-referenced matter.


Dated: April 28, 2011          Respectfully submitted,

                        RICHARD S. HARTUNIAN
                        UNITED STATES ATTORNEY

        BY:    */s/ Richard D. Belliss*
                        RICHARD D. BELLISS
                        Assistant U. S. Attorney
                        Bar Role Number: 515295
                        E-mail:
                        richard.belliss@usdoj.gov
                        United States Attorneys Office
                        James T. Foley U.S. Courthouse
                        445 Broadway
                        Albany, N.Y. 12207
                        Telephone: (518)431-0247
                        Fax: (518)431-0249

## TABLE OF CONTENTS

Page

I.   Affidavit of Richard D. Belliss........................i

II.  Memorandum of Law.....................................1

     A. MOTION TO DISMISS COUNT 1 ........................1

     1. Count one of the Indictment contains all of
        the essential elements of the offense charged,
        fairly informs the defendant of the charge
        against which he must defend, and alleges
        sufficient information to allow the defendant
        to plead double jeopardy should he face a
        subsequent prosecution...........................3

     B. CONCLUSION.......................................4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

**VON SCOTT LINDAHL**

            Defendant.

**A F F I D A V I T**

Cr. No. 10-CR-571 (GLS)

(Hon. Gary L. Sharpe)

---

State of New York)
            ) ss.:
County of Albany )

RICHARD D. BELLISS, being duly sworn, deposes and says:

1.  That I am an Assistant United States Attorney, of counsel, to Richard S. Hartunian, United States Attorney of the Northern District of New York, and I am responsible for handling the above matter in our office.

2. That the Memorandum of Law attached hereto and incorporated herein is submitted in response to defendant Lindahl's motion to dismiss Count 1 of the Indictment, which motion is returnable before this Court on May 19, 2011 at 9:00 a.m.

i

RICHARD D. BELLISS
ASSISTANT U.S. ATTORNEY

Sworn to before me this
28th day of April, 2011.

MARGARET B. BALDWIN
Notary Public - State of New York
No. 01BA6137225
Qualified in Saratoga County
My Commission Expires Nov. 21, 2013

Notary Public

ii

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

VON SCOTT LINDAHL

          Defendant.

**MEMORANDUM OF LAW**

Cr. No. 10-CR-571 (GLS)

(Hon. Gary L. Sharpe)

## PRELIMINARY STATEMENT

The defendant is charged in a single count indictment that alleges that the defendant, after having been previously convicted of a felony offense, possessed three firearms, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

Before the Court is defendant Lindahl's motion to dismiss the Indictment. This memorandum of law is submitted in opposition to the defendant's motion.

## ARGUMENT

A.   DISMISSAL OF COUNT 1

Defense Claim: Defendant Lindahl moves this Court to dismiss the aforementioned count in the Indictment on the grounds that the Indictment fails to allege proper jurisdiction and fails to state an offense. The government denies the allegations made

1

by defendant Lindahl and his motion to dismiss should be denied.[1]

Case Law: The Supreme Court has held that an indictment is normally sufficient if its language tracks the statutory language, sets forth all the "elements necessary to constitute the offense...," and affords the defendant double jeopardy protections. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).  An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and ... enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *see also* Fed.R.Crim.P. 7(c)(1) ("[t]he indictment [] must be plain, concise, and a definite written statement of the essential facts constituting the offense charged..."); *United States v. Bustos de la Pava*, 268 F.3d 157, 162 (2d Cir. 2001).

Count one of the Indictment alleges that defendant Lindahl, after having been previously convicted of a felony offense, possessed three firearms, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).  Section 922(g)(1) imposes criminal penalties on a person who:

---

[1] To the extent defendant Lindahl makes a challenge to the jurisdiction alleged in the Indictment, the government invites the Court's attention to Count 1 of the Indictment which alleges proper jurisdiction and venue.

has been convicted in any court of, a crime
punishable by imprisonment for a term
exceeding one year...[and] possess[es] in or
affecting commerce, any firearm or ammunition.
18 U.S.C. § 922(g)(1).

The essential elements of a felon in possession of a firearm
allegation are: "(1) knowing possession of the firearm [or
ammunition], (2) a previous felony conviction, and (3) the
possession being in or affecting commerce." *United States v.
Amante*, 418 F.3d 220, 221 n.1 (2d Cir. 2005) (quoting *United States
v. Smith*, 160 F.3d 117, 121 n. 2 (2d Cir. 1998)).

    1.    <u>Count one of the Indictment contains
all of the essential elements of the
offense charged, fairly informs the
defendant of the charge against which
he must defend, and alleges sufficient
information to allow the defendant to
plead double jeopardy should he face
a subsequent prosecution</u>.

The language in count one tracks the statutory language of the
pertinent statute, makes reference to the pertinent statute,
provides a sufficient amount of information so that the defendant
can understand the charge, and affords the defendant double
jeopardy protections, which is what satisfies *Hamling* and its
progeny.

Defendant Lindahl's argument amounts to nothing more than
speculation about the sufficiency of the evidence, and while a
defendant may move to dismiss an indictment based upon defects
within the indictment or for defects in the manner in which the

3

prosecution was initiated, a motion to dismiss for insufficiency of the evidence is improper. *See United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000); *United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978); *see also United States v. Fruchter*, 104 F.Supp.2d 289, 298 (S.D.N.Y. 2000)(holding that "it is well established that an indictment that is valid on its face...may not be dismissed on the ground that it is based on inadequate or insufficient evidence."). A motion to dismiss is not a device for a summary trial of the evidence. *See United States v. Eichman*, 756 F.Supp. 143, 145-46 (S.D.N.Y. 1991) (citing *United States v. Winer*, 323 F.Supp. 604, 605 (E.D.Pa. 1971)). An indictment which "states the elements of the statute charged and the approximate time and place of the alleged crime" is facially valid. *See United States v. Luguis*, 166 F.Supp.2d 776, 778 (S.D.N.Y. 2001) (citing *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998)).

B. <u>CONCLUSION</u>

The motion of defendant Lindahl should be denied in all respects.

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2011, I caused the mailing and electronic filing of the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Von Scott Lindahl                              (via certified mail)
c/o Robert Keller
6134 Route 9N
Corinth, New York 04240

Tim Austin, Esq.                              (via electronic filing)
Standby Counsel for Von Scott Lindahl
39 North Pearl Street, 5th Floor
Albany, New York 12207


Dated: April 28, 2011              /s/ *Richard D. Belliss*
                                   Richard Belliss
                                   Assistant U.S. Attorney

5